**Kenneth W. COX, Appellee,**

v.

**MILLER COUNTY R–I SCHOOL DISTRICT, Jerry Frye, Dennis Bond, Dayle Dunstan, Robert Frazee, Walter Mooney, Thomas Trail, Appellant,**

**Carol Newton, Member of the Board of Education, Jim McDonald, Member of the Board of Education.**

**Kenneth W. COX, Appellant,**

v.

**MILLER COUNTY R–I SCHOOL DISTRICT, Appellee,**

**Jerry Frye, Dennis Bond, Dayle Dunstan, Robert Frazee, Walter Mooney,**

**Thomas Trail, Appellee,**

**Carol Newton, Member of the Board of Education, Jim McDonald, Member of the Board of Education.**

Nos. 90–2705, 90–2822.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1991.

Decided Dec. 20, 1991.

Rehearing Denied Feb. 3, 1992.

Jeffrey O. Parshall, Columbia, Mo., argued (Jeffrey O. Parshall and Glen R. Ehrhardt, on the brief), for appellant.

H. Ralph Gaw, Tipton, Mo., argued (James F. Crews and Mary Kay Sommer Lutz, on brief), for appellee.

Before J. GIBSON, Circuit Judge, ROSS and HENLEY, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Thomas Trail, the former superintendent of the Miller County R–I School District (Miller County Schools), appeals from a jury verdict entered in favor of plaintiff Kenneth W. Cox for both compensatory and punitive damages resulting from the termination of plaintiff's employment with the Miller County Schools in retaliation for plaintiff exercising his constitutional right to freedom of speech. On September 13, 1990, the district court denied Trail's motion for judgment notwithstanding the verdict or in the alternative for a new trial. Because we find that there was insufficient evidence to show that the plaintiff's constitutionally protected conduct was a substantial factor in the decision to terminate

plaintiff's employment, we reverse the decision of the district court.[1]

## I.

Plaintiff was first employed as a substitute bus driver by the Miller County Schools during the spring of 1980. From the fall of 1980 until May 1986, the plaintiff was employed as a regular part-time bus driver for the school district. On May 23, 1986, plaintiff received a contract for a full-time position as a bus driver for the school district for the 1986–1987 school year.

Defendant Thomas Trail was employed as the superintendent of the Miller County Schools from 1982 through June 1987. As school superintendent, Trail was the chief administrator for the Board of Education for the school district and reported directly to the Board of Education. Trail was not directly in charge of the day-to-day activities of the bus drivers. Instead, Gary Gore, the assistant superintendent during the relevant time, was in charge of transportation, as well as food service and maintenance. As part of his duties, Mr. Gore received complaints regarding the operation of the school buses and made written records of such complaints.

On April 19, 1989, plaintiff Kenneth Cox filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983, and naming as defendants the Miller County R–I School District, individual members of the Board of Education of the Miller County Schools; Walter Mooney, present superintendent, and Thomas Trail, former superintendent of the Miller County Schools. Plaintiff's complaint alleged that he was employed as a school bus driver by the Miller County Schools for approximately seven years until March 12, 1987, when his employment with the school district was terminated in retaliation for his vocal opposition to a tax levy increase proposed by the school board.

In the spring of 1986, a ninety cent tax levy increase for general operations was proposed by the Miller County Schools.

The Board of Education instructed defendant Trail as superintendent to inform all employees about the tax levy increase proposal. Accordingly, in April 1986, defendant Trail held a meeting with the bus drivers concerning the tax proposal. At the meeting, defendant Trail explained the reasons for the proposed tax increase and stated that if the tax levy was not passed the school district would be unable to maintain the same level of services as in the past. After making his presentation, Trail asked for comments and questions. The record shows that at this meeting plaintiff told defendant Trail that he owned land in both the Versailles School District and in the Miller County R–I School District and that the land was taxed at a lower rate in the Versailles School District than in the Miller County School District. The plaintiff also commented that there did not appear to be any difference in the available services between the two school districts and asked Trail to explain the need for such a large tax increase. Trail agreed that the Versailles tax levy was lower but explained that he thought the Versailles School District would have to increase its tax levy.

Norbert Schulte, another bus driver for Miller County Schools, also voiced his opposition to the proposed tax increase at this meeting; however, Mr. Schulte was not subsequently terminated. Thereafter, the proposed ninety cent tax levy was defeated by the voters in the spring of 1986.

After the April 1986 meeting between Trail and the school bus drivers, plaintiff was rehired on May 23, 1986, by the Miller County R–I School District as a bus driver for the 1986–1987 school year. Under plaintiff's new contract, he became a full-time employee and received both additional responsibilities and an increase in salary.

During the winter of the 1986–1987 school year, the Miller County R–I School District proposed a forty-five cent tax levy increase to be placed on the ballot in Febru-

---

**1.** Following oral argument, plaintiff's cross appeal against Miller County R–I School District was dismissed *nunc pro tunc* by this court.

ary 1987. Defendant Trail again met with the bus drivers in January 1987 to discuss the new proposed tax levy increase. At this meeting, the plaintiff again spoke against the tax levy increase and, once again, several other bus drivers spoke in opposition to the proposed tax increase. This time the tax levy increase was passed by the voters in February 1987.

During the 1986–1987 school year, assistant superintendent Gary Gore received numerous complaints from parents concerning plaintiff's job performance. From the beginning of the 1986–1987 school year through March 1987, Mr. Gore made entries on eleven different dates concerning complaints about the plaintiff. Mr. Gore received complaints from at least five different people concerning the use of improper language by the plaintiff. The record shows that Mr. Gore discussed these complaints with plaintiff prior to his termination.

Mr. Gore also received complaints in October 1986 that the plaintiff had the children walk to the front of the bus and stand by the exit door in order to get off the bus as soon as it stopped, even though this practice was contrary to state safety regulations. A kindergarten teacher also confronted plaintiff regarding his insistence that the children stand at the door of the bus before it stopped. The plaintiff argued with a parent when she complained that her child was expected to stand at the bus door before it stopped. Later that evening, the plaintiff called the parent at home and continued to argue with her regarding the appropriateness of this practice. This parent then called Gary Gore to make a complaint concerning the incident. Mr. Gore discussed these complaints with plaintiff, and plaintiff told him that the only way he could drive his bus route without starting thirty minutes earlier was to have the students at the door ready to exit.

On December 12, 1986, defendant Trail and Gary Gore met with the plaintiff to discuss a change in a bus route which the plaintiff had made without prior approval by Mr. Gore. The only other complaint discussed at this meeting was plaintiff's improper use of the two-way radio on his bus. Plaintiff was reminded that use of the radio was strictly for school business.

A number of serious complaints were received from parents just days before plaintiff's termination. On March 10, 1987, defendant Trail received a complaint from Ms. Patty Parkins, that her son had fallen down the bus steps and that the plaintiff had driven away from the scene without checking on him. One day later, on March 11, 1987, Mr. Gore received a complaint from Mr. Jerry Combs that his daughter had been crying when she got off the bus because the plaintiff had been yelling and using profanity towards her.

On March 12, 1987, both Trail and Gary Gore met with plaintiff to advise him of their joint decision to recommend the plaintiff's termination as a bus driver. Mr. Gore stated that no one complaint about the plaintiff's performance was, in his opinion, sufficient to terminate the plaintiff; however, because of the number of complaints that had been received, Trail and Gore felt there was no other alternative but to recommend his termination.

On March 16, 1987, Trail recommended to the School Board that plaintiff be terminated. Trail informed the Board that his reason for the suggested termination was the numerous complaints from parents about plaintiff's performance. After two votes, the Board agreed to terminate plaintiff's employment. Several members of the school board testified concerning their reasons for voting for the termination. Ms. Kay Weberry recalled that defendant Trail recommended that the plaintiff be terminated because of the numerous complaints from parents about the plaintiff's performance as a bus driver. She had personally received complaints from parents during the 1986–1987 school year regarding plaintiff's performance. Ms. Weberry testified that she did not recall that the plaintiff had ever spoken against the tax levy proposals.

Board member Roger Bowness also testified that the Board's decision to terminate was based on plaintiff's poor performance as a school bus driver and on the number

of complaints from parents over a period of time. He stated that there was no discussion among the board members concerning the plaintiff's opposition to a proposed tax levy increase.

On June 11, 14, and 15, 1991, the case was tried to a jury. At the conclusion of all the evidence, the district court sustained a motion for directed verdict in favor of the school board members as well as the present superintendent of the school district. The court denied the motion for directed verdict in favor of the school district and Thomas Trail. The jury then returned a verdict in favor of the Miller County School District. It also returned a verdict against Thomas Trail, and awarded actual damages in the amount of $2,500.00, plus punitive damages in the amount of $4,000.00. Thereafter, on September 13, 1990, the court denied Trail's motion for a judgment notwithstanding the verdict or in the alternative a new trial.

## II.

■ In order to establish a 42 U.S.C. § 1983 cause of action alleging violation of his first amendment rights, the plaintiff must show that he engaged in constitutionally protected speech and that the protected speech was a substantial or motivating factor in the decision to terminate him. *See Mt. Healthy City School Dist. Bd. of Education v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). The first prong of this test is satisfied by defendant Trail's admission that plaintiff's comments at the bus drivers meeting were constitutionally protected.

■ Plaintiff next bore the burden of establishing that his protected speech was a substantial or motivating factor in the decision to terminate his employment. *Id.* Once the plaintiff has made this initial showing, the burden shifts to the employer of showing by a preponderance of the evidence that the same adverse employment decision would have been reached even in the absence of any protected conduct. *Id.* Whether protected conduct was a substantial or motivating factor in an employment decision is a question of fact. *Stever v.*

*Independent School Dist. No. 625*, 943 F.2d 845, 851 (8th Cir.1991). However, the sufficiency of the evidence to create an issue of fact for the jury is solely a question of law. *Id.* In reviewing a sufficiency of the evidence determination, an appellate court must view the facts and all reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party.

After reviewing the record under this rigorous standard, we conclude that the evidence was not sufficient to submit to the jury the question of whether plaintiff's protected conduct was a substantial factor in the decision to terminate him.

The record is clear that Gary Gore received numerous complaints from parents concerning the plaintiff's job performance. Gore maintained for his records a list of the various complaints made concerning the plaintiff. From the beginning of the 1986–1987 school year through March 1987, when plaintiff was terminated, Mr. Gore made entries on eleven different dates concerning complaints about the plaintiff. After the January 1987 meeting of the bus drivers, and just before the decision to terminate, the record shows that there were serious complaints made regarding plaintiff's performance as a bus driver, including a complaint made on March 10, 1987, just days before the decision to terminate, that a child was injured when he fell off plaintiff's bus, yet the plaintiff left the scene without checking on the condition of the child. Furthermore, on March 11, 1987, just one day before plaintiff was informed that defendant Trail would recommend plaintiff's termination to the Board, a parent complained that plaintiff had greatly upset a child when he yelled at her.

During the trial, several parents of children who rode on plaintiff's bus during the 1986–1987 school year testified concerning complaints they had made about the plaintiff to school officials. For example, one parent testified that during the 1986–1987 school year, her first grade son rode on plaintiff's bus. The parent testified that she never knew from one day to the next where the plaintiff would let her son off

when returning from school. She made a complaint in person to Gary Gore concerning this problem as well as the plaintiff's use of profanity.

The record also establishes that subsequent to the meeting between defendant Trail and the bus drivers in April 1986, during which the plaintiff made certain statements in opposition to the proposed tax levy increase, the plaintiff was rehired on May 23, 1986, as a bus driver for the 1986–1987 school year, with added responsibilities and an increase in salary. Clearly, plaintiff's new contract, following his vocal opposition to the tax increase, is contrary to plaintiff's contention that the subsequent decision to terminate him was based on his opposition to the tax increase proposal. Further, the record establishes that even though there were other school bus drivers who voiced opposition to the tax levy increase, none of these drivers were terminated from employment.

There simply is no evidence in the record that the termination decision was in any way affected by plaintiff's opposition to the tax increase, except for the simple fact that plaintiff voiced his opposition to such increase. That fact alone, however, is insufficient to carry plaintiff's burden of establishing that such constitutionally protected conduct was a substantial factor in the termination decision. As the Supreme Court stated, a plaintiff "ought not to be able, by engaging in such [constitutionally protected] conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision." *Mt. Healthy, supra,* 429 U.S. at 286, 97 S.Ct. at 575.

### III.

We conclude that as a matter of law, even when viewed in the light most favorable to the plaintiff, the record establishes that the plaintiff has failed to meet his burden of showing that his statements in opposition to the tax levy were a substantial factor in the decision to terminate his employment as a bus driver. Therefore, the verdict entered in favor of the plaintiff must be set aside. By virtue of this decision, plaintiff's cross appeal relating to attorney fees is now rendered moot, as no section 1983 violation has been found.

We therefore reverse the judgment of the district court and remand with instructions to enter judgment in favor of defendant Thomas Trail.